JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESUS ARZAGA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFIEFER,<br><br>Respondent. | Case No. CV 22-6239-RGK (JEM)<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

On August 31, 2022, Daniel Jesus Arzaga ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.").

**PRIOR PROCEEDINGS**

On December 9, 2002, after a jury trial in Los Angeles County Superior Court, Case No. GA045954, Petitioner was convicted of second degree murder (Cal. Penal Code § 187(a)) and two counts of attempted murder (Cal. Penal Code §§ 187(a) & 664) ("Case No. GA045954"). (Pet. at 2; Report and Recommendation of United States Magistrate Judge ("R&R"), filed November 13, 2006, in Daniel Jesus Arzaga v. Rosanne Campbell, Case No. CV 04-2157-RGK (FMO) ("Prior Habeas Action"), at 2.) Thereafter, on February 19, 2003, the trial court sentenced Petitioner to 101 years and 4 months to life in prison. (See id.)

On March 29, 2004, Petitioner initiated the First Habeas Action in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Prior Petition"), challenging his conviction and sentence in Case No. GA045954. On November 13, 2006, the Magistrate Judge issued the R&R recommending that the Prior Petition be denied with prejudice on the merits. (R&R at 37.) The Court adopted the R&R and dismissed the Prior Petition with prejudice on December 14, 2006. (First Habeas Action, Dkt. 17 & 18.) On September 26, 2007, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (First Habeas Action, Dkt. 29.) On March 31, 2008, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. Arzaga v. Campbell, 552 U.S. 1299 (2008).

On July 21, 2010, Petitioner initiated a second action in this Court, Daniel Jesus Arzaga v. Mike Mariel, Case No. CV 10-5346-RGK (FMO) ("Second Habeas Action"), by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction and sentence in Case No. GA045954. (Second Habeas Action, Dkt. 3 at 1-2.) On July 30, 2010, the petition in the Second Habeas Action was dismissed without prejudice as an unauthorized second or successive petition prohibited by 28 U.S.C. § 2244(b). (Id. at 3-4.)

On August 31, 2022, Petitioner filed this action, in which he again challenges various aspects of his conviction and sentence in Case No. GA045954. (Pet. at 5.) Specifically, Petitioner alleges that he received ineffective assistance of counsel at trial and that his sentence violated state law. (Id. at 5, 16.)

## DISCUSSION

**THE PETITION SHOULD BE DISMISSED AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION**

A.  **Applicable Law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part:

>(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>>
>>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts. A petition is "second or successive" if the facts underlying the claim existed by the time of the initial petition, and if the petition challenges the same state court judgment as the initial petition. Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018).

This bar applies to many procedural rulings, as well as rulings on the merits. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal of federal habeas petition as untimely renders subsequent petitions second or successive under AEDPA as timeliness dismissal is a "permanent and incurable" bar to federal review of underlying claims);

Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (denial of habeas petition on grounds of procedural default constitutes disposition on the merits and renders subsequent habeas petition "second or successive" under AEDPA); see also Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute generally considered disposition on the merits); but see In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1996) (§ 2244(b) does not apply where first habeas petition was dismissed without prejudice for failure to exhaust state remedies).

A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

### B. Analysis

Petitioner challenges the same state court judgment that was at issue in his Prior Petition, which was dismissed with prejudice. Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing this case. Because he did not do so, the Court is without jurisdiction to entertain the Petition. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court finds that the Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction, and this action should be dismissed.[1] The

---

[1] The Court finds that the Petition should not be referred to the Ninth Circuit as an application for leave to file a second or successive habeas petition pursuant to Ninth Circuit Rule 22-3(a). There is no indication that the Petition was mistakenly filed in the district court and it would not be in the interests of justice to refer the Petition to the Ninth Circuit before dismissing it. Petitioner's Second Habeas Action was dismissed for the same reasons set forth herein and, therefore, Petitioner was explicitly notified of the requirement that he obtain authorization from the Ninth Circuit prior to filing this action. If Petitioner seeks authorization to file a successive habeas petition, he should submit his application directly to the Ninth Circuit in compliance with Ninth Circuit Rule 22-3.

dismissal should be without prejudice to Petitioner filing a new action if he obtains permission from the Ninth Circuit to file a successive petition.[2]

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

### ORDER

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: 10/3/2022

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner obtains permission from the Ninth Circuit to file a successive habeas petition, he should file it as an entirely new action. He should not file an amended petition in this action or use the same case number because this action is being closed today. Any new petition authorized for filing by the Ninth Circuit will be given a new case number.